UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDWARD D. JONES & CO., L.P., | Case No. 2:19-CV-1968 JCM (EJY) |
| Plaintiff(s), | TEMPORARY RESTRINING ORDER |
| v. | |
| MICHAEL PETERSON, | |
| Defendant(s). | |

Presently before the court is plaintiff Edward D. Jones & Co., L.P.'s ("Edward Jones") motion for temporary restraining order. (ECF No. 4).

Also before the court is Edward Jones' motion for preliminary injunction. (ECF No. 6).

**I.  Background**

This action arises from defendant Michael Peterson's purported misappropriation and use of Edward Jones' trade secrets and confidential information. (ECF No. 1). Edward Jones alleges the following:

Edward Jones is an investment and financial advisory firm that deals almost exclusively with individual investors. *Id*. Peterson was employed by Edward Jones as a financial advisor in Henderson, Nevada from February 2006 until his resignation on October 25, 2019. *Id*. Jones has since obtained employment with Ameriprise Financial Services, Inc. ("Ameriprise"), an investment firm that competes with Edward Jones. *Id*.

Peterson executed an "Investment Representative Employment Agreement" ("employment agreement") when he accepted employment with Edward Jones. *Id*. The employment agreement provided that Peterson would have access to confidential, proprietary, and trade secret information of Edward Jones. (ECF No. 1-1). In the employment agreement, Peterson agreed to protect said

information, use it only in the course of his employment, and return it to Edward Jones upon termination of his employment. *Id*.

Prior to his resignation, Peterson printed a "Total Value Sequence Summary Report" ("customer list") on September 17, 2019, which details all Edward Jones customers he provided services to, their account numbers, and the assets contained in their accounts. (ECF No. 1, 1-3). Edward Jones has been unable to locate the customer list in Peterson's former Henderson, Nevada branch office. (ECF No. 4). After beginning employment with Ameriprise, Peterson "contacted, via telephone, at least eleven Edward Jones customers" and "sent transfer paperwork to at least fifteen Edward Jones customers." (ECF No. 1-2, 1-4). Peterson continues to solicit Edward Jones' current customers. (ECF No. 1).

On November 8, 2019, Edward Jones filed a complaint alleging four causes of action: (1) misappropriation of trade secrets pursuant to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, *et seq.*; (2) misappropriation of trade secrets pursuant to Nevada's codification of the Uniform Trade Secrets Act ("UTSA"), NRS Chapter 600A; (3) breach of contract; and (4) injunctive relief. *Id*. Edward Jones is presently pursuing these claims in arbitration pursuant to the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration. (ECF No. 4). Edward Jones requests that the court issue a temporary restraining order enjoining Peterson from violating the employment agreement until a FINRA arbitration panel can determine whether a longer injunction should be entered. *Id*.

## II. Legal Standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65. "Injunctive relief is an extraordinary remedy and it will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted." *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976).

James C. Mahan
U.S. District Judge

- 2 -

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

This court must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

The party seeking the injunction must satisfy each element; however, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotations marks omitted).

Finally, to obtain injunctive relief, plaintiff must show it is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)).

**III. Discussion**

*a. Issuance of temporary restraining order*

Edward Jones has filed its motion for temporary restraining order *ex parte*. (*See* ECF No. 4). Under Rule 65(b), a court may issue an *ex parte* temporary restraining order if (1) "specific

facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[1] Fed. R. Civ. P. 65(b); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

The court, having considered the complaint, Edward Jones' motion, supporting declarations, and accompanying exhibits, finds that the issuance of a temporary restraining order is appropriate for the following reasons:

First, Edward Jones is likely to succeed in showing that Peterson misappropriated trade secrets and confidential information to solicit Edward Jones' current customers. Under the DTSA and UTSA, the customer list that Peterson has allegedly used and continues to use to solicit Edward Jones' current customers likely qualifies as a trade secret subject to protection. *See* 18 U.S.C. § 1836(3); *Frantz v. Johnson*, 999 P.2d 351, 358–59 (Nev. 2000) (holding that customer lists can be protected as a trade secret).

Further, Peterson's alleged communications with Edward Jones' current customers are likely in violation of the non-solicitation agreement. (*See* ECF No. 1-1 ("Furthermore, you agree for a period of one year following the termination of your employment, that you will not solicit by mail, phone, electronic communication, personal meeting, or any means, either directly or indirectly, any customer of Edward Jones who you served or whose name became known to you during your employment with Edward Jones.")).

Second, allowing Peterson to continue to use Edward Jones' trade secrets and confidential information would result in immediate and irreparable injury to Edward Jones in the form of loss of income, loss of goodwill, damage to its reputation, and damage to its business relationships. *See Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919 (D. Nev. 2006) (holding that the harm occasioned by disclosure of trade secrets or confidential information is sufficient to meet the irreparable harm requirement).

---

[1] Edward Jones' attorney Laura Jacobsen has submitted a separate declaration sufficient to satisfy the certification requirement set forth in Federal Rule of Civil Procedure 65(b)(1)(B). (*See* ECF No. 5).

James C. Mahan
U.S. District Judge

- 4 -

Third, the balance of hardships in this case favors Edward Jones. Denying Edward Jones' request for a temporary restraining order would cause significant hardship to Edward Jones due to the irreparable harm that would likely result from Peterson's continued use of its trade secrets and confidential information. Further, granting Edward Jones' request will not cause significant hardship to Peterson because he will still be able to continue working for Ameriprise; he will be barred only from using Edward Jones' trade secrets and confidential information and from soliciting Edward Jones' current customers.

Fourth, public policy weighs in favor of issuing a temporary restraining order. As is "evidenced by the existence of the DTSA and UTSA," there is a well-recognized public interest in protecting trade secrets. *Protection Techs., Inc. v. Ribler*, No. 3:17-cv-00144-LRH-WGC, 2017 WL 923912, at *3 (D. Nev. Mar. 8, 2017).

    b. *Edward Jones' bond*

The issuance of a temporary restraining order is conditioned on the movant posting security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "The district court is afforded wide discretion in setting the amount of the bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). Further, a strong likelihood of success on the merits may favor "a minimal bond or no bond at all." *California v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985).

Given the likelihood that Edward Jones will succeed on the merits and the limited hardship that a temporary restraining order will impose, there is a low probability that Peterson will suffer damages caused by an improperly granted temporary restraining order. The court therefore declines to order a bond in this case.

**IV.**    **Conclusion**

Accordingly,

IT IS HEREBY ORDERED that Edward Jones' motion for temporary restraining order (ECF No. 4) be, and the same hereby is, GRANTED.

1    IT IS FURTHER ORDERED that Peterson shall appear for a preliminary injunction hearing on **November 25, 2019, at 10:00 a.m.** in courtroom 6A and SHOW CAUSE why a preliminary injunction should not be granted that restrains and enjoins him from using Edward Jones' trade secrets and confidential information and from soliciting Edward Jones' current customers.

IT IS FURTHER ORDERED that pending the preliminary injunction hearing, Peterson is temporarily restrained from directly or indirectly soliciting, by mail, phone, electronic communication, personal meeting, or any other means, any current customer of Edward Jones who Peterson served or whose name became known to Peterson during his employment with Edward Jones. "Solicit" means to initiate any contact or communication, of any kind whatsoever, for the purpose of inviting, encouraging or requesting any Edward Jones customer, to transfer from Edward Jones to Peterson or Ameriprise, or to otherwise discontinue its patronage and business relationship with Edward Jones. Peterson is also temporarily restrained from directly or indirectly using, disclosing, or transmitting for any purpose Edward Jones' documents, materials, trade secrets, and/or confidential or proprietary information pertaining to Edward Jones, its employees, its operations, and/or its customers.

IT IS FURTHER ORDERED that Peterson shall file his response to Edward Jones' motion for preliminary injunction (ECF No. 6) on or before November 18, 2019. Any reply shall be filed on or before November 22, 2019.

IT IS FURTHER ORDERED that this temporary restraining order shall expire fourteen (14) days after entry.

DATED November 12, 2019, at 3:00 p.m.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -