Laura R. Jacobsen (NV Bar No. 13699)
McDONALD CARANO LLP
100 W. Liberty St., 10th Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
ljacobsen@mcdonaldcarano.com

Christopher A. Pickett (MO Bar No. 51059)
(*pro hac vice* to be submitted)
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Ste. 2000
St. Louis, MO 63102
Telephone: (314) 241-9090
Facsimile:  (314) 345-5465
cap@greensfelder.com

*Attorneys for Plaintiff*
*Edward D. Jones & Co., L.P.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD D. JONES & CO., L.P.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PETERSON,<br><br>Defendant. | Case No.: 2:19-cv-01968<br><br>**PLAINTIFF EDWARD JONES' OPPOSITION TO DEFENDANT'S MOTION TO DISSOLVE OR MODIFY TEMPORARY RESTRAINING ORDER AND REQUEST FOR EXPEDITED TREATMENT** |

Plaintiff Edward D. Jones & Co., L.P. ("Edward Jones"), by and through its undersigned counsel, hereby opposes Defendant Michael Peterson's ("Defendant") Motion to Dissolve Ex Parte Temporary Restraining Order; Expedited Treatment Requested (ECF No. 14) (the "Motion to Dissolve").

This Motion is brought pursuant to Federal Rule of Civil Procedure 65 and is based upon the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other evidence and argument as the Court may allow.

**I.   INTRODUCTION**

Defendant's Motion to Dissolve seeks only to expedite the currently already-expedited briefing and hearing schedule on Plaintiff's Motion for Preliminary Injunction Order.   However,

it provides no legal or factual basis to do.  There is no reason why this matter should not proceed upon the expedited scheduled set forth in the Temporary Restraining Order (ECF No. 10) (the "TRO").

Furthermore, Defendant and his counsel received notice of the filing on Friday November 8, 2019 via telephone and subsequent email exchanges.  In those emails, Defendant and Edward Jones discussed the pleadings and request to this Court.  Those communications included the issuance of courtesy copies of the pleadings to Defendant's counsel and addressed whether Defendant's counsel would accept service of the same. *See* ECF No. 11-2.  Defendant's counsel chose not to enter her appearance or otherwise contact the Court to notify it of her representation.  While the parties cannot know whether that would have impacted the procedural stance of this matter, to now suggest that Edward Jones improperly sought an *ex parte* Temporary Restraining Order is not based in fact.

Consequently, Edward Jones respectfully submits that Defendant's Motion to Dissolve should be denied.

## II. THIS MATTER IS ALREADY EXPEDITED UNDER FEDERAL RULE OF CIVIL PROCEDURE 65

Defendant seeks expedited treatment of the Motion to Dissolve, including a hearing on two days' notice pursuant to Federal Rule of Civil Procedure 65(b)(4).  This matter, though, is already set for an expedited hearing following an expedited briefing schedule pursuant to Rule 65(b)(3).  While subsection (b)(4) require a hearing "as promptly as justice requires," the preliminary injunction is scheduled for November 25, 2019, "at the earliest possible time, taking precedence over all other matters" pursuant to subsection (b)(3). *See* TRO.  At the hearing, this Court will determine whether the TRO is converted to a preliminary injunction under the same or similar terms or dissolved. As this matter has already been set for the "earliest possible time," under Rule 65, there is no legal basis to expedite this already-expedited matter under Rule 65.[1]

---

[1] In addition, FINRA Rule 13804 provides a mechanism for an expedited arbitration to determine if this Court's TRO is extended, modified, or dissolved.  Pursuant to Rule 13804, that hearing must take place within 15 days of the original TRO, in this case, no later than November 27, 2019.

2

### III. DEFENDANT'S "EVIDENTIARY BASIS" FOR THE MOTION TO DISSOLVE IS LACKING

Beyond the fact that Rule 65 does not provide a basis to expedite the proceedings under these circumstances, Defendant has presented no factual basis to do so.

Contrary to the assertions in the Motion to Dissolve, Defendant has not presented "direct evidence" that Defendant has not misappropriated confidential customer information that belongs to Edward Jones to solicit Edward Jones customers in breach of his employment agreement and the state and federal trade secret statutes cited in Edward Jones' Motion for Preliminary Injunction (ECF No. 6). As Edward Jones will more fully argue in its reply brief due on November 22, Defendant's carefully worded declaration is glaring in its omissions. Nowhere does it provide any comfort to Edward Jones or this Court that Defendant has not retained Edward Jones' confidential customer information. *See generally* ECF No. 11-1. While Defendant's Opposition to the Motion for Preliminary Injunction (ECF No. 11) muses in the abstract that it is generally possible to obtain phone numbers and addresses via Google or social media (*see id.* at 16), Defendant's declaration does not deny that Defendant obtained the contact information of the customers at issue from Edward Jones. (*See generally* ECF No. 11 and ECF No. 11-1.) Further, Defendant does not deny possessing or using Edward Jones' confidential customer information. (*See generally id.*) In fact, Defendant carefully only provides that he did not use or rely upon information developed by Edward Jones. Moreover, Defendant does not attempt to confront the language of the employment agreement whereby Defendant agreed that such information was proprietary, confidential, and trade secret, and promised not to use it except within the course and scope of his employment with Edward Jones. Thus, Edward Jones remains likely to succeed on the merits of its claims.

More importantly, however, even if Defendant had produced "direct evidence," that he has not used confidential customer information to solicit Edward Jones' customers, that evidence is properly evaluated in the context of the preliminary injunction briefing and hearing. Rather,

---

FINRA has already begun that process by delivering potential arbitrator biographies to counsel and requiring their return with strikes and ranking by November 18. *See* Declaration of Laura R. Jacobsen, attached hereto as **Exhibit 2**, at ¶¶ 5-6.

what's important for purposes of deciding the Motion to Dissolve, is that Defendant has not presented a factual basis to expedite this already-expedited proceeding. Specifically, the Motion to Dissolve fails to explain the "irreparable harm" Defendant faces if he should prevail and the TRO is not dissolved until after the hearing on November 25, 2019. Indeed, Defendant argues that the supposed "damage" caused by the TRO is already done. *See* ECF No. 14 at 2-3.

## IV.   THE TRO PRESERVES THE STATUS QUO

The TRO tracks the language of Defendant's employment agreement, requiring him only to do (or not do) what he already agreed to do (or not do). Specifically, Defendant has been enjoined from directly or indirectly: (1) soliciting Edward Jones' customer whom he "served or whose name became known to [Defendant] during his employment with Edward Jones" and (2) "using, disclosing, or transmitting for any purpose Edward Jones' documents, materials, trade secrets, and/or confidential or proprietary information pertaining to Edward Jones, its employees, it operation, and/or its customers." TRO (ECF No. 10) at 6; *compare* Employment Agreement (ECF No. 1-1) at ¶ 11. Because the TRO requires only of Defendant what his employment agreement already requires, it preserves the status quo by definition. If Defendant is abiding by his contractual obligations as he claims, then the TRO places no further burden upon him.

On this note, it is important to bring conversations among counsel the Court's attention. While the Motion to Dissolve, filed on November 13, misreads the TRO to argue that it goes beyond Defendant's contractual obligations to prevent him from earning a living, counsel have already clarified Defendant's apparent misunderstanding. Specifically, in emails exchanged on November 12, the day before Defendant filed the Motion to Dissolve, provide clarification requested by Defendant as to the parameters of the TRO. *See* Emails among counsel, attached hereto as **Exhibit 1**. As explained in the emails, the TRO only requires what the employment agreement already requires. And if the TRO's plain language were not already perfectly clear (it is), the emails among counsel should have assuaged any doubts.

## V.   THERE IS NO BASIS TO MODIFY THE TRO

Because the TRO requires only that Peterson abide by his contractual obligations, there is no basis to modify the TRO to require any bond of Edward Jones, let alone a bond in the amount

4

of $50,000.00. Defendant was never entitled to indirectly or directly solicit certain Edward Jones customers or use confidential customer information. Thus, there is no harm in preventing him from doing so. Further, the employment agreement contains Defendant's acknowledgment that that its narrow non-solicit provision would not impede him from earning a living, and that no bond would be required in the event of injunctive relief to prevent Defendant's actual or threatened breach. *See* ECF No. 1-1 at ¶¶ 11, 12. Defendant has presented no basis for this Court to suddenly overturn its findings and modify the TRO to require a bond.

## VI. CONCLUSION

For the foregoing reasons, Edward Jones respectfully requests that the Court deny Defendant's Motion to Dissolve and allow the preliminary injunction briefing and hearing to proceed on the already-expedited course set forth in the Court's Temporary Restraining Order.

DATED: November 13, 2019          Respectfully submitted:

        GREENSFELDER, HEMKER & GALE, P.C.
        Christopher A. Pickett (MO Bar No. 51059)
        10 South Broadway, Ste. 2000
        St. Louis, MO 63102
        Telephone: (314) 241-9090
        Facsimile: (314) 345-5465
        cap@greensfelder.com

        By: *Christopher A. Pickett*
          Attorneys for Edward D. Jones & Co., L.P. – *Pro Hac Vice*

        McDONALD CARANO LLP
        Laura R. Jacobsen (NV Bar No. 13699)
        100 W Liberty St., 10th Floor
        Reno, NV 89501
        Telephone: (775) 788-2000
        Facsimile: (775) 788-2020
        ljacobsen@mcdonaldcarano.com

        By: */s/ Laura R. Jacobsen*
          Local Counsel for Edward D. Jones & Co., L.P.

**LIST OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| 1. | Emails |
| 2. | Declaration of Laura Jacobsen |